**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Randolph Gordon, Appellant,

v.

Mary Chapman Gordon, Respondent.

Appellate Case No. 2015-002222

———————

Appeal From Chesterfield County
Ronald R. Norton, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-276
Heard June 5, 2017 – Filed July 5, 2017

———————

**AFFIRMED**

———————

Marian Dawn Nettles, of Nettles, Turbeville & Reddick, of Lake City, and Tonya Copeland Little, of Copeland-Little Law LLC, of Hartsville, for Appellant.

Rebecca Brown West, of Harling & West, LLC, of Lexington, and Adam M. Foard, of Pageland, for Respondent.

———————

**PER CURIAM:** Randolph Gordon (Husband) appeals in this divorce action against Mary Chapman Gordon (Wife), arguing the family court erred in (1) failing to consider each statutory factor in its equitable distribution award, (2) failing to

consider each statutory factor relevant to the award of alimony, (3) offsetting his equitable distribution award by the cost of the health insurance Wife provided during the pendency of the divorce action and half of the cost of repairs to the marital home, and (4) failing to adequately provide for his support. We affirm.

1. We find no error by the family court in its equitable apportionment of the marital estate. *See* S.C. Code Ann. § 20-3-620(B) (2014) (listing the fifteen factors to be considered by the family court in its equitable apportionment of the marital estate); *Wilburn v. Wilburn*, 403 S.C. 372, 390, 743 S.E.2d 734, 744 (2013) ("On appeal, we must review the fairness of the overall apportionment, and if equitable, we will uphold it regardless of whether we would have weighed specific factors differently."); *Ricigliano v. Ricigliano*, 413 S.C. 319, 337, 775 S.E.2d 701, 711 (Ct. App. 2015) ("Though our courts have held there is no recognized presumption in favor of a fifty-fifty division, we have approved an equal division of marital property . . . ."); *id.* (explaining a spouse's adultery that causes the breakup of a marriage is a consideration for equitable apportionment; however, it does not justify a severe penalty); *Bodkin v. Bodkin*, 388 S.C. 203, 223, 694 S.E.2d 230, 241 (Ct. App. 2010) (affirming a fifty-fifty division in an eighteen-year marriage); *Deidun v. Deidun*, 362 S.C. 47, 62, 606 S.E.2d 489, 497 (Ct. App. 2004) (affirming the family court's equitable apportionment when "the end result [was] equitable").

As to the Richmond Community College retirement account, we find the issue is not preserved for appellate review because the family court did not rule on the issue and Husband failed to raise the issue to the family court in a post-trial motion. *See Barrow v. Barrow*, 394 S.C. 603, 615, 716 S.E.2d 302, 309 (Ct. App. 2011) (finding an issue not addressed in the family court's order and not raised in a post-trial motion was not preserved for appellate review).

2. We likewise find no error by the family court in its award of alimony to Husband in the amount of $600 per month for one year. *See McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 350, 479 S.E.2d 67, 79 (Ct. App. 1996) (explaining a party cannot complain on appeal when he or she receives the relief requested at trial).

3. Next, we find no error in the family court's consideration during equitable apportionment of Wife's payment of Husband's health insurance premiums because the temporary order contemplated the possibility of such a consideration. *See Smith v. Smith*, 327 S.C. 448, 462, 486 S.E.2d 516, 523 (Ct. App. 1997) (affirming the family court's consideration of a cash advance ordered by the temporary order because the temporary order provided it would be considered as an advance against

the recipient's share of the marital estate).  We likewise find no error by the family court in considering the cost of routine repairs on the marital home during the pendency of the action.  *See Dixon v. Dixon*, 334 S.C. 222, 228, 512 S.E.2d 539, 542 (Ct. App. 1999) (stating "the family court has the ability to consider the post-filing appreciation or depreciation when valuing and apportioning the marital estate").

4.     Finally, we find Husband's argument that he was entitled to a larger share of the marital estate or permanent, periodic alimony was already considered in the disposition of the previous issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address an issue when the disposition of other issues is dispositive).

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**